**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Civil Action No. 0:20-cv-62658

SHELLY C. WINGATE,

    Plaintiff,

v.

ACCOUNT RESOLUTION SERVICES, LLC,

    Defendant,
_____/

## COMPLAINT

**NOW COMES** SHELLY C. WINGATE, by and through her undersigned counsel, complaining of Defendant ACCOUNT RESOLUTION SERVICES, LLC, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. SHELLY C. WINGATE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in York, South Carolina.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. ACCOUNT RESOLUTION SERVICES, LLC, ("Defendant") maintains its principal place of business at 1643 Harrison Parkway, Suite 100, Building H, Sunrise, Florida 33323.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8. At some point, Plaintiff applied for and was approved for a line of credit with PayPal.

9. Due to unforeseen financial circumstances, Plaintiff was unable to maintain timely payments and defaulted on the subject debt.

10. At the time Plaintiff fell behind on her payments, she still owed just over $1,000.00 to PayPal ("subject debt").

11. The subject debt a debt as defined by 15 U.S.C. § 1692a(5) as it was used for personal purposes.

12. On or about December 16, 2020, Plaintiff received a text message from Defendant, stating: "This text is from ARS, Shelly Wingate we have a legally required notice that was sent out to your property. At this time we need to speak to you or your legal representation. Please call 321-343-4876 to discuss your paperwork received and refer to Case # 2314368."

13. On or about December 16, 2020, concerned that she had not received the "legally required notice" to which Defendant referred in its text message, Plaintiff placed a phone call to Defendant.

14. During this phone call, Defendant verified Plaintiff's identity but failed to inform Plaintiff of the mini Miranda statement, specifically Defendant never stated they were a debt collector attempting to collect a debt.

15. After describing the account details to Plaintiff, Defendant advised Plaintiff that it could settle the debt for $1,000.

16. When Plaintiff informed Defendant that she was unable to make a payment in the amount of $1,000, Defendant offered to settle for an immediate payment of $800.

17. Plaintiff advised that she was only able to afford an immediate payment of $500 or that she could make a payment plan arrangement of $25 per month.

18. Defendant rejected her $500 settlement offer and refused to set up a payment plan for $25 per month.

19. Defendant's representative then admonished Plaintiff by stating that Plaintiff was lying – Without having Plaintiff's authority, Defendant's representative was allegedly reviewing the available credit listed on Plaintiff's credit report, and claimed that Plaintiff could afford a larger settlement.

20. Despite Plaintiff feeling disconcert by Defendant's behavior, Plaintiff attempted to reach a mutual agreement with Defendant's representative.

21. Defendant's representative grew frustrated by Plaintiff's hesitance to accept the settlement offers and effort to maintain a reasonable conversation, and terminated the phone call.

22. Immediately after terminating the phone call, Defendant's representative placed four (4) consecutive phone calls to Plaintiff.

23. Plaintiff was unable to answer these calls as she was on a business phone call.

24. Defendant then placed a phone call to Plaintiff's husband attempting to get in contact with her and collect on the debt.

25. At this time, Plaintiff still has not received the "legally required notice" or any written communication from Defendant via United States mail.

26. Concerned with Defendant's aggressive and abusive collection practices, Plaintiff contacted counsel.

27. As a result of Defendant's illegal collection practices Plaintiff was deprived of her statutorily guaranteed FDCPA rights.

28. Plaintiff was deprived of material information regarding the subject debt, prohibiting her from making a full and complete assessment of Defendant's collection activity.

29. In turn, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

**a. Violations of FDCPA §1692d**

30. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §§ 1692d and d(5) when it placed 4 collection calls in a row after hanging up on Plaintiff in an attempt to collect the subject debt.

33. The fact that Defendant placed consecutive calls to Plaintiff after hanging up on Plaintiff is illustrative of Defendant's intent to harass and annoy Plaintiff in order to elicit a payment on the subject debt.

### b. Violations of FDCPA §1692e

34. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

35. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §1692e(10).

36. Section 1692e(11) requires a debt collector to disclose that is "is attempting to collect a debt and that any information obtained will be used for that purpose."

37. Defendant violated §§ 1692e and e(10) when it sent Plaintiff a text message that a "legally required notice" was sent to her home.

38. In fact, Plaintiff never received any such notice – or any written communication whatsoever – from Defendant.

39. Defendant sent the text message regarding a "legally required notice" but had no intention of ever taking any "legal" action against Plaintiff – Defendant was simply trying to coerce Plaintiff into making a payment on the subject debt.

40. Defendant violated §§ 1692e and e(11) when it failed to notify Plaintiff that it was attempting to collect on a debt via the text message she received.

### a. Violations of FDCPA § 1692g

41. Pursuant to § 1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

42. Defendant violated § 1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff in October 2020.

**WHEREFORE,** Plaintiff, SHELLY C. WINGATE, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 23, 2020                             Respectfully submitted,

**SHELLY C. WINGATE**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com